UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| DUANE DRAKE TRACY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF MARYSVILLE, a municipal entity; OFFICERS JASON GARRINGER, JEREMY LEMIRE, and HERBERT CULVER, and DOES 1-25,<br><br>　　　　Defendants. | No. 2:20-cv-01337-WBS-CKD<br><br>MEMORANDUM AND ORDER RE: CITY OF MARYSVILLE'S MOTION TO DISMISS |

----oo0oo----

　　　　Plaintiff Duane Drake Tracy ("plaintiff") brought this action against the City of Marysville ("the City"), Marysville Police Sergeant Jason Garringer, Marysville Police Officers Jeremy Lemire and Herbert Culver, and Does 1-25 seeking compensatory and punitive damages against defendants for violating civil rights under 42 U.S.C. § 1983. Before the court is the City's Motion to Dismiss plaintiff's fourth cause of

1

action.  ("Mot. to Dismiss") (Docket No. 4.)

I.   Factual and Procedural Background

According to plaintiff's complaint, on July 28, 2019, plaintiff was suspected of disturbing the peace at a Starbucks in Marysville, California in violation of California Penal Code § 415.  (Compl. at ¶ 4.) (Docket No. 1.)  Plaintiff is a homeless member of the Navajo-Hopi Native American tribe.  (Id. at p.2, ¶ 14.)  Sergeant Garringer and Officer LeMire of the Marysville Police Department were dispatched to the call from Starbucks.  (Id. at ¶ 5.)  Plaintiff had a cell phone in his right hand and headphones in his ears.  (Id.)  Plaintiff was listening to loud music and could not hear his surroundings.  (Id.)

Sergeant Garringer pulled up in his marked patrol vehicle approximately 6-7 feet away from plaintiff.  (Id. at ¶ 5.)  He immediately exited his patrol vehicle in the middle of "F" Street and slammed his outstretched arm to plaintiff's neck.  (Id.)  Plaintiff immediately fell backwards onto the pavement and struck his head on the pavement.  (Id.)  Officer LeMire then released his K-9 unit on the Plaintiff.  (Id. at ¶ 13.)  The K-9 unit bit plaintiff's mid-section and shoulder several times.  (Id.)  Plaintiff was transported to Rideout Memorial Hospital by ambulance and treated for lacerations, dog bites, and head injuries, including a possible concussion.  (Id.)

Sergeant Garringer and Officers Culver and LeMire contended that plaintiff willfully and unlawfully used violence or a threat of violence to try to prevent or deter them from performing their lawful duty.  (Id. at ¶ 16.)  On July 30, 2019, the Yuba County District Attorney's Office filed a criminal

complaint against plaintiff.  (Id. at ¶ 20.)  The criminal complaint alleged that "plaintiff did unlawfully attempt by means of threat or violence to deter or prevent Sergeant Garringer, who was then and there an executive officer, from performing a duty imposed upon such officer by law, or did knowingly resist by the use of force or violence said executive officer in the performance of his/her duty."  (Id.)  On January 15, 2020, Yuba County District Attorney's Office dismissed this charge against plaintiff.  (Id. at ¶ 22.)

        Plaintiff's complaint alleges that Sergeant Garringer and Officers LeMire and Culver used excessive force in effectuating plaintiff's arrest.  (See id. at ¶¶ 2-9, 11-18, 23, 25.)  Plaintiff also claims that they conspired or acted in concert to have plaintiff falsely charged and prosecuted for criminal attempt to disarm a police officer.  (See id. at ¶ 26.)  Plaintiff contends that his race was a motivating factor in the officers decision to use excessive force and maliciously prosecute plaintiff with false charges.  (See id. at ¶ 69.)  Based on these events, plaintiff alleges that the City of Marysville is liable under Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 694 (1978), for: (1) having an unconstitutional custom or policy, (2) ratifying the decisions of the officers who caused the constitutional violation, and (3) failing to adequately train the Marysville police officers.  (See id. at ¶¶ 28-34.)

II. Discussion

        Federal Rule of Civil Procedure 12(b)(6) allows for dismissal when the plaintiff's complaint fails to state a claim

3

upon which relief can be granted.  See Fed. R. Civ. P. 12(b)(6).  The inquiry before the court is whether, accepting the allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor, the complaint has stated "a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.  Although legal conclusions "can provide the framework of a complaint, they must be supported by factual allegations."  Id. at 679.

    A.   Monell Claim Against the City

In his fourth cause of action, plaintiff attempts to plead a Monell claim against the City of Marysville.  (Compl. at ¶¶ 92–107.)  Because 42 U.S.C. § 1983 does not provide for vicarious liability, local governments "may not be sued under § 1983 for an injury inflicted solely by its employees or agents."  Monell, 436 U.S. at 694.  "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may be fairly said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."  Id.

Monell claims must contain sufficient factual allegations to give fair notice to the opposing party and "must plausibly suggest an entitlement to relief such that it is not unfair to require the opposing party to be subjected to the

4

expense of discovery and continued litigation." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011)  To survive a motion to dismiss, a plaintiff must do more than simply allege that a Monell defendant "maintained or permitted  an official policy, custom, or practice of knowingly permitting the occurrence of the type of wrongs" alleged in the complaint.  See AE ex. rel. Hernandez v. Cty. Of Tulare, 666 F.3d 631, 637 (9th Cir. 2012). Facts regarding the specific nature of the alleged policy, custom, or practice are required; merely stating the subject to which the policy relates (i.e., excessive force) is insufficient. See id.  Following this rule, district courts have dismissed complaints where a plaintiff alleged a single incident of unconstitutional conduct as the basis for his Monell claim.  See, e.g., Wallace v. City of Santa Rosa, No. C 12-6451 MMC, 2013 WL 4675354, *2 (N.D. Cal. Aug. 30, 2013) (dismissing a Monell claim rooted in allegations of an officer's use of excessive force during a plaintiff's arrest and finding that a single incident is insufficient to support a Monell claim based on inadequate training or failure to discipline).

        1.   Unconstitutional Custom or Policy

        For an unwritten policy or custom to form the basis of a Monell claim, it must be so "persistent and widespread" that it constitutes a "permanent and well settled" practice.  See Monell, 436 U.S. at 691.  In pleading such a claim, the complaint must "put forth additional facts regarding the specific nature of [the] alleged policy, custom, or practice."  See AE ex. rel. Hernandez, 666 F.3d at 637.  Here, the thrust of the allegations against the City is that it allowed or promoted the type of

excessive force and race-based animus alleged elsewhere in the Complaint.  (See Compl. at ¶¶ 29-35.)  However, plaintiff has alleged no facts regarding an unconstitutional policy, custom or practice, allegations of prior incidents, or facts which demonstrate that the a alleged practice was of "sufficient duration, frequency, and consistency such that the alleged custom or practice has become a traditional method of carrying out policy."  See Harper v. Cty. Of Merced, 1:18-cv-005620-LJO-SKO, 2018 WL 5880786, *6 (E.D. Cal. Nov. 8, 2018).  Instead, plaintiff relies solely on boilerplate conclusions of customs, practices and policies related to excessive force, racial discrimination, and police misconduct.  (See Compl. at ¶¶ 29-35.)  These allegations are insufficient to state a plausible, not merely possible, claim for relief and are therefore insufficient.  See AE ex rel. Hernandez. 666 F.3d at 637.

        2.   Ratification

The Ninth Circuit has "found municipal liability on the basis of ratification when the officials when the officials involved adopted and expressly approved of the acts of others who caused the constitutional violation."  Trevino v. Gates, 99 F.3d 911, 920 (9th Cir. 1996).  Ratification "generally requires more than acquiescence."  Sheehan v. City and Cty. of San Francisco, 743 F.3d 1211, 1231 (9th Cir. 2014).  However, plaintiff's complaint lists conclusory allegations that the City "encouraged, tolerated, ratified and acquiesced to a dangerous environment of police brutality" and "tolerat[ed] the use of unconstitutional force."  (See Compl. at ¶ 28.)  The complaint does not include any factual allegations regarding any approval or ratification by

6

the City or the basis for such approval.  In Hicks v. Cty. of Stanislaus, 1:17-cv-01187-LJO-SAB, 2018 WL 347790, *6 (E.D. Cal. Jan. 10, 2018), the court dismissed a ratification claim where the complaint contained "no factual allegations to support the claim that the County approved, ratified, condoned, encouraged, sought to cover up, and/or tacitly authorized the conduct. . . ." Id. at *6.  The plaintiff here has likewise failed to state a cognizable claim of ratification under Monell.

### 3. Failure to Train

In order to state a claim for failure to train under Monell, a plaintiff must show that: (1) the existing training program is inadequate in relation to the tasks the particular officers must perform; (2) the officials have been deliberately indifferent to the rights of the persons with whom the police come into contact; and (3) the inadequacy of the training "actually caused the deprivation of the alleged constitutional right."  Merritt v. Cty. of Los Angeles, 875 F.2d 765, 770 (9th Cir. 1989).  "[W]hen city policymakers are on actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights, the city may be deemed deliberately indifferent if the policymakers choose to retain that program."  Connick v. Thompson, 563 U.S. 51, 61 (2011.)

Here, plaintiff has not provided any factual allegations as to (1) how the City's officer training is inadequate, (2) that the officials have been deliberately indifferent to the rights of Marysville citizens, or (3) that the inadequacy of the training was what actually caused the alleged

7

deprivation of plaintiff's constitutional rights.  Accordingly, the plaintiff has failed to state a cognizable claim of failure to train under Monell.  Because the complaint fails to state a Monell claim under any theory, the court will dismiss the complaint's fourth claim.

IT IS THEREFORE ORDERED that the City's motion to dismiss plaintiff's fourth claim against the City under Monell, (Docket No. 4) be, and the same hereby is, GRANTED.

Plaintiff has twenty days from the date this Order is signed to file an amended complaint if he can do so consistent with this Order.

Dated:  November 30, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE